UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TIMOTHY S. WEST,               )
                               )
          Plaintiff            )
                               )
v.                             )          No. 2:10-cv-50-GZS
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social Security, )
                               )
          Defendant            )

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplement Security Income ("SSI") appeal contends that the administrative law judge failed to give proper weight to the opinions of his treating physician, wrongly failed to find that several of his impairments were severe, and failed to support his credibility determination with a sufficient explanation. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff was insured for purposes of SSD only through March 31, 2008, Finding 1, Record at 11; that he became disabled as of February 11, 2009, Findings 6-7 & 12, *id*. at 14-18, 19; that, prior to February 11, 2009, he

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 15, 2010, pursuant to Local Rule 16.3(a)(2)C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

suffered from degenerative disc disease of the lumbar spine, an impairment that was severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 12-14; that, prior to February 11, 2009, he had the residual functional capacity ("RFC") to lift and carry 10 pounds frequently and 20 pounds occasionally, to sit, stand, or walk for at least six hours in an eight-hour workday, to balance, stoop, kneel, crouch, crawl, handle, finger, and climb ramps and stairs occasionally, all while avoiding extreme cold and vibration, but not to climb ladders, ropes, or scaffolds, Finding 5, *id*. at 14; that the plaintiff was unable to perform his past relevant work, Finding 7, *id*. at 18; that, prior to February 11, 2009, given his age (a younger individual on the alleged date of onset, February 12, 2006, and closely approaching advanced age since August 8, 2008), limited ninth grade education, lack of transferable job skills, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could have performed, Findings 8-11, *id*. at 18-19; and that, before February 11, 2009, he, therefore, was not disabled as that term is defined in the Social Security Act, Finding 13, *id*. at 19.  The Decision Review Board did not complete its review of the decision in the time allowed, *id* at 1-3, making it the final determination of the commissioner.  20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## Discussion[2]

### A. Dr. Courtney

The plaintiff first faults the administrative law judge for failing to give controlling weight to the opinions of his primary care provider, Pamela Courtney, M.D. Itemized Statement at [3]-[5]. An administrative law judge must give controlling weight to a treating physician's opinions when they are well supported by medically acceptable clinical and laboratory diagnostic

---

[2] At oral argument, the plaintiff's attorney stated that the plaintiff was not pressing his challenge to the administrative law judge's assessment of his credibility, Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 19) at [6], and I will not consider it further.

3

techniques and are not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The plaintiff contends that the Treating Source Statement completed by Dr. Courtney should be given controlling weight. Itemized Statement at [3]. The administrative law judge had this to say about that form:

> On July 29, 2009, Gail Cloutier, FNP[], in combination with Pamela Courtney, D.O., completed a treating source statement form on which they indicated that the claimant was limited to less than sedentary work due to postural limitations; probably could not maintain regular attendance and being punctual within customary tolerances, or complete a normal workday or work week without interruptions from physically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods; must be allowed to alternate sitting and standing as needed; would be absent from work more than four days a month; must not sit or stand for more than 20 minutes continuously; and must avoid working in a stooped position, bend for the purpose of lifting, vibratory equipment, work around or operating machinery, ladders and scaffolding, unprotected heights, cold or refrigerated spaces, pushing or pulling with the arms, and repetitive use of the hands for fine or gross motor activities, keyboarding, or writing (Exhibit 28F). While these primary care providers indicated they have been seeing the claimant on a monthly basis since 2000, little weight has been given to this opinion as the degree of limitation cited is not supported in their own contemporaneous treatment notes, and is not consistent with findings of other treating and examining sources prior to February 11, 2009.
>
> More weight has been given to the June 5, 2007, statement of the treating orthopedic surgeon Peter E. Guay, D.O., that there was no contraindication to the claimant continuing to work, although prolonged sitting could aggravate his underlying degenerative disc disease (Exhibit 11F), as it is consistent with the evidence as a whole, and with the claimant's functional activities of daily living prior to February 11, 2009.

Record at 17.

The administrative law judge also discussed other medical evidence that is inconsistent with the conclusions of Dr. Courtney and Ms. Cloutier, *id.* at 16-17, which he characterized as "show[ing] that the claimant's impairment improved after his initial injury such that he was

4

capable of performing at least light work activity in the earlier part of this decade." *Id*. at 17. In addition, the administrative law judge explained:

> On July 8, 2008, Antonio Y. Medina, M.D., opined that the claimant is able to lift and carry ten pounds frequently and twenty pounds occasionally, sit for six hours in an eight-hour workday, stand or walk for six hours in an eight-hour workday, stoop occasionally, and balance, kneel, crouch, crawl, reach over[]head, finger, feel, push, and pull frequently, but should avoid unprotected heights, more than occasional vibration, and climbing of ladders, ropes, and scaffolds (Exhibit 17F). Great weight has been given to this opinion as it pertains to the period prior to February 11, 2009, as it is supported by and consistent with the evidence as a whole.
> 
> * * *
> 
> The undersigned has considered the opinion of the experts at the state Disability Determination Services (Exhibit 12F). . . . The undersigned finds this opinion to be well supported and consistent with the record as a whole for the period from February 12, 2006, to February 10, 2009. Therefore, it has been given great weight for that period.

*Id*. at 18.

Thus, there clearly is medical evidence in the record that is inconsistent with the conclusions of Dr. Courtney and Ms. Cloutier. That is sufficient to deprive their opinion of controlling weight.[3] Contrary to the plaintiff's argument, Itemized Statement at [3]-[5], the administrative law judge's discussion provides exactly the "clear and convincing" reasons for his rejection of that opinion that are required by Social Security law. The administrative law judge considered all of the factors that he was required to consider in this regard.

### B. Step 2

The plaintiff contends that the administrative law judge should have found that his diabetes and the impairment of his hands and wrists were severe at Step 2 of the sequential evaluation process. *Id*. at [5]-[6]. The administrative law judge did not find these impairments

---

[3] Dr. Medina appears to be a non-examining reviewer of the plaintiff's medical records. An administrative law judge may rely on those records instead of the opinions of a treating physician under certain circumstances. *See, e.g., Angis v. Astrue*, No. 06-154-P-S, 2007 WL 2021921, at *2 (D. Me. July 11, 2007); *Roman-Gilbert v. Barnhart*, No. 03-89-P-H, 2003 WL 22961195, at *3 (D. Me. Dec. 16, 2003).

5

to be severe either before or after February 11, 2009. Record at 12. The plaintiff's assertions that the alleged effects of his diabetes "clearly [have] at least some appreciable impact on a person's ability to manage at least some basic work functions," Itemized Statement at [5], and that "[i]t is difficult to imagine how [the alleged impairment of his hands and wrists] would not have at least some appreciable effect on someone's ability to manage at least some basic work activities[,]" *id.* at [6], are insufficient.

With respect to the plaintiff's diabetes, the administrative law judge found the following:

> The evidence of record fails to demonstrate that the claimant's diabetes with peripheral neuropathy and retinopathy . . . resulted in more than minimal limitations in his ability to perform basic work activities at any time relevant to this decision. . . .
>
> Although the claimant was initially diagnosed with diabetes in late 1999, the medical evidence of record demonstrates that he did not become insulin dependent until sometime in early 2009, and that except for periods of noncompliance with his treatment regimen, this impairment has generally been well controlled on medications (Exhibits 1F, 2F, 7F, 9F, 14F, 19F, 21F, 23F, 24F, 25F, 26F, and 27F). Treatment records dated as early as June, 2000, state that he was doing well and had made a huge improvement on medication (Exhibit 1F). In October, 2002, his blood sugars were averaging about 128 (Exhibit 9F). With improved compliance, significant improvement in his blood sugars over the last several months was reported on March 28, 2008 (Exhibit 14F). Treating sources indicated on multiple occasions from September, 2008, through February, 2009, that the claimant's diabetes was controlled (Exhibit 27F), and medical records dated March 24, 2009, demonstrate that the claimant continued to do well on insulin at that time (Exhibit 27F).
>
> While the claimant has been diagnosed with peripheral neuropathy due to complaints of pain and dysesthesias in the lower extremities (Exhibits 8F, 9F, 14F, and 27F), examinations have been unremarkable (Exhibits 8F), and monofilament testing performed on November 6, 2007, demonstrated only slightly decreased sensation in the toes (Exhibit 14F). Although the claimant has occasional blurred vision due to non-proliferative diabetic retinopathy with cataracts for which laser surgery has been performed, as of March 23, 2009, he was found to retain 20/40 vision in the right eye and 20/30 vision in the left eye (exhibits 13F, 15F, and 20F). Furthermore, the claimant testified at hearing that his vision

has been better since the laser surgery, and that he is able to drive at night.

Great weight has been given to the July 9, 2008, opinion of Luis Zuniga, M.D., that the claimant's diabetes and neuropathy are not severe, as it is supported by and consistent with the evidence as a whole (Exhibit 18F).

Record at 12-13.

At oral argument, the plaintiff's attorney cited the plaintiff's testimony that his hands would cramp and lock. A finding of severity at Step 2 must be based on medical evidence alone. Social Security Ruling 85-28, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 390-95; *Bachelder v. Social Sec. Admin. Com'r*, No. 1:09-cv-436-JAW, 2010 WL 2942689, at *2 (D. Me. July 19, 2010). The plaintiff proffers no citation to medical evidence demonstrating severity of his diabetes, as "severity" is defined in the Social Security regulations. 20 C.F.R. §§ 404.1521, 416.921. The administrative law judge's explanation of his reasons for finding that the diabetes was not severe is sufficient.

The same is true of the plaintiff's impairment in his hands and wrists. The administrative law judge wrote:

> The claimant has some pain and stiffness in both hands secondary to palmar fibromatosis (Exhibits 6F, 10F, 11F, and 26F). However, while he has been found to have palpable nodules on both palms over the flexor tendons and flexion contractures in the proximal interphalangeal joints on examinations, medical records fail to document significant limitation of motion, swelling, discoloration, decreased strength, atrophy, positive Tinels' or Phalens' signs, or motor, sensory, or reflex loss (Exhibit[s] 7F, 10F, 11F, 14F, 24F, 26F, and 27F), and radiographic studies of the hands have revealed only minimal degenerative changes in the right first interphalangeal joint without fractures, boney densities, or other joint space abnormalities (Exhibits 6F and 11F). The claimant has not required surgical intervention, and has not sought, required, or received any specific treatment modalities for this impairment.

Record at 13. Again, the plaintiff cites no medical evidence to support his assertion that this impairment is severe, and, accordingly, he is not entitled to remand on this basis.

7

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 22nd day of December, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge